CLAUDE J. BARNETT, Respondent, v. THE STAR PAPER MILL COMPANY, Appellant.

**Kansas City Court of Appeals, July 9, 1910.**

1. **NEGLIGENCE: General and Specific.** If a general charge of negligence is followed by specific charges, the plaintiff will be confined to the latter in the trial of the cause.

2. ————: ————: ————: **Machinery.** B. was an experienced machinist of many years, and during that time handled machinery which was run by belts. He always shifted the belt by his hand instead of a lever. He was told by his employer to use his hand in shifting a belt on the machinery of a paper mill in the same way he had always used it. He did so and his hand was caught in the lacing of the belt, carried to the pulley, and injured. *Held,* that the employer was not liable to him for damages.

3. ————: ————: ————: **Custom.** Evidence that work was done as it was customarily done by other prudent persons in a like calling, shows there was no negligence.

Appeal from Jackson Circuit Court.—*Hon. Thos. G. Seehorn,* Judge.

REVERSED.

*Warner, Dean, McLeod & Timmonds* for appellant.

*Charles R. Cooksey* and *Bird & Pope* for respondent.

ELLISON, J.—Plaintiff alleges that he was injured while in defendant's employment and by reason of its negligence. He recovered judgment in the trial court.

Defendant owns a mill for the manufacture of paper. For that purpose it operates a large machine. Pulp is carried through the machine on a canvass belt which conveys it through rollers, coming out as paper, and is then wound off on a reel. Plaintiff was at work at the west end of the reel and north end of the machine, and it was his duty to stop the reel when it was full, by throwing the belt off of the pulley. It was while attempting to throw off the belt that he received the injury of which he complains. He pressed his hand against the fast running belt, when his finger got caught between the ends, which were held or spliced together by lacing, and his hand and arm drawn partly around the pulley.

It appeared in evidence that plaintiff was forty-three years of age and of large experience as a machinist. He stated that he began work with machinery run by belts when he was fifteen years of age, and had continuous experience with such machinery until he was hurt. He was employed by defendant as assistant engineer on some new machinery not yet fully installed, and he was therefore given different sorts of work temporarily, until the machinery was ready. This took him to the work in question in this case. The pulley on which the belt ran was about five feet above the floor and was twenty inches in diameter. The belt ran from the basement below, through the floor, up over the pulley. He testified that one of defendant's foremen, in charge of that part of the work, told him how to throw off the belt and that he was attempting to do it that way when

he was hurt. We have concluded that plaintiff failed to make out a case for the jury and that the demurrer to the evidence should have been sustained.

The petition charged generally that defendant did not furnish plaintiff with a reasonably safe place in which to work. It then charged specific negligence in running a belt that was defectively laced or spliced together, and in not having a belt shifter. These two acts of specific negligence are all that could properly be considered in the trial of the cause, since where an allegation of general negligence is followed by allegations of specific negligence, the latter furnish the only ground of recovery. Plaintiff abandoned the allegation as to the defective belt and relied solely upon the charge of negligence in the failure to furnish a belt shifter lever which might have been used instead of the hand; and that was all that he submitted to the jury.

In our opinion if we concede there was evidence tending to support that charge, it likewise conclusively showed plaintiff's contributory negligence. As already stated, plaintiff was a machinist working in belted machinery for more than twenty-five years. He testified that while the foreman showed him how they shifted the belt with the hand, yet he had always known that and had always followed that plan, and had always done so with this kind of belt, put together as was this one, and that experience had taught him how to hold his hand to make the shift without the use of a lever. He thus made clear by his own testimony that he was only doing, and had only been told to do, that which he had customarily done for twenty-five years. So, if it is to be said that defendant would ordinarily have been guilty of negligence in not having a lever shifter, we would be bound to say that in this case it was not the proximate cause of the injury to plaintiff, since it was his own act, based upon full knowledge of the situation and prompted by his past experience and past mode of doing that kind of work.

But, under the circumstances developed, there was no negligence on defendant's part. It had a right to have the work done in its own way, especially as that was shown by plaintiff's own testimony to be the way he had customarily done it. [Bradley v. Ry. Co., 138 Mo. 293; Doyle v. Trust Co., 140 Mo. 1; Mathis v. Stock Yards Co., 185 Mo. 434.]

A rule has been several times announced by the Supreme Court that when a master conducts his business in the same manner that other prudent persons customarily conducted the same kind of business, he is not guilty of negligence (Chrismer v. Bell Tel. Co., 194 Mo., 189, 208), and we do not see why that should not apply here where plaintiff testifies that he was asked to shift the belt in the same manner he had done similar work all his life.

In our opinion no case was made and the judgment should be reversed. All concur.